## HAYES v. AMERICAN BRIDGE CO.

(Supreme Court, Appellate Division, First Department.   July 8, 1908.)

1. JUDGMENT—CONFORMITY TO PLEADINGS AND ISSUES.

> Where seasonable objection is made, and amendment is not asked for or allowed, a party cannot be permitted to recover on a wholly different cause of action than the one pleaded.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 436.]

2. CONTRACTS—CONSTRUCTION.

> A contract whereby plaintiff agreed to obtain contracts for a company, his compensation to depend on profits, provided that the profits were to be divided equally, except that in special cases, where estimated profits less than 15 per cent. were added to estimated costs, the company should be entitled to estimated profits of 7½ per cent. as its share, and that the company was to execute all contracts secured, provided that in no case should the estimated net profit of the company be less than 7½ per cent. *Held*, that the company was not entitled at all hazards to 7½ per cent. of profits on all contracts, but only in those cases where the estimated profits added to estimated cost were less than 15 per cent., and that in other cases the profits were to be divided equally.

Appeal from Trial Term.

Action by George S. Hayes against the American Bridge Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Raynal C. Bolling, for appellant.
L. B. Treadwell, for respondent.

HOUGHTON, J. The plaintiff entered into a written contract with the Schultz Bridge & Iron Company, subsequently absorbed by the defendant, which assumed its obligations, to obtain contracts for structural iron work, his compensation to depend upon profits. The plaintiff obtained several contracts, which were accepted, completed, and paid for. This action is to recover a balance of unpaid profits, which plaintiff claims is due him.

Plaintiff's theory of the action, as shown by the allegations of his complaint and the attitude of his counsel, at the beginning of the trial,

was that he was entitled to one-half of the estimated profits upon each contract obtained by him, as distinguished from actual profits realized. When attempt was made by plaintiff to prove the estimated profits on these contracts, the defendant objected that under the contract pleaded and attached to the complaint the plaintiff was entitled only to one-half the actual profits realized from the contracts on completion. Although given opportunity to do so, the plaintiff refused to amend his complaint. The clause of the contract especially relating to division of profits reads as follows:

"(1) The profits to be divided equally, provided that in special cases, where estimated profits less than 15 per cent. are added to estimated costs, it shall be understood that the Schultz Bridge & Iron Company shall be entitled to estimated profits of 7½ per cent. as its share."

Attached to the agreement is a schedule of prices to be charged for special shop labor on enumerated structural parts. We are of the opinion that, taking the contract as a whole, it should be interpreted as giving the plaintiff one-half the actual profits realized upon contracts secured by him and accepted and performed by the defendant or its predecessor. So interpreted, the plaintiff has no right of action for estimated profits, and his complaint founded upon that theory should have been dismissed.

Notwithstanding the protest of the defendant, in the form of proper objections and motions, that plaintiff should be held to the allegations of his complaint as to estimated profits, and not be allowed to recover on the theory that his share of the actual profits had not all been paid to him, the trial court permitted the plaintiff to go into proof as to what in fact were the actual profits upon each of the contracts secured by him, which the defendant met by proof on its part, and the court instructed the jury that the question for them to determine was, what were the actual profits? and whether plaintiff had been paid in full. Where seasonable objection is made, and amendment is not asked for or allowed, a party cannot be permitted to recover upon a wholly different cause of action than the one pleaded. Hill v. Weidenger, 110 App. Div. 683, 97 N. Y. Supp. 473; Davis v. Broadalbin Knitting Co., 90 App. Div. 567, 86 N. Y. Supp. 127; affirmed 185 N. Y. 613, 78 N. E. 1102.

But if we are to ignore this rule of practice, and assume that the theory of the complaint was for recovery of actual profits, the judgment is wrong, and the verdict of the jury was against the weight of evidence, and should have been set aside. What is known as the "Wechsler contract" is the most important one obtained by plaintiff, and the one upon which concededly the largest profit was made. The plaintiff claims that the actual profit was over $8,000, and the same as the estimated profit; but in his figures he does not appear to have included the cost of erection, which was included in the contract to be performed by the company. He gives cost of material and shop work at practically the same figure as that admitted by the defendant; but the defendant proved that the cost of erection was nearly $6,000, leaving the net profit a little over $2,000, of which the plaintiff was only entitled to one-half, at most. With respect to this contract, as well as all the others which included the expense of erection, the plaintiff

confessed he had no actual knowledge as to the net profit realized, and manifestly this must have been so, for he did not superintend the erection or know what was done in that regard. The plaintiff's proof of cost, even if it included erection, was therefore a matter of estimate. He already has in his hands, from retained payments, $3,000 and over, and according to the proof of the defendant no balance remains due him. As the proof stands by the record, the verdict of the jury in his favor was unwarranted.

There is another feature of the contract which, in view of the new trial we feel impelled to order, it is proper that we should comment upon. The defendant insists that by the contract the company at all hazards was entitled to 7½ per cent. of profits on all contracts. We think this is an improper interpretation. In addition to the provisions before quoted, there is in the third paragraph of the contract a stipulation that the company shall make all shop drawings (which were to be part of the cost), "and execute contracts secured, provided that in no case shall the estimated net profit of the Schultz Bridge & Iron Company be less than 7½ per cent." In another part of the contract it is provided that the plaintiff might draw not to exceed 60 per cent. of the reckoned share of profits before final completion.

What seems to be a fair interpretation of the contract is that plaintiff, for his services, was entitled to recover one-half of the actual net profits realized on all contracts secured by him, except in those cases where he chose to take a contract and the company chose to accept, where the estimated net profits were less than 15 per cent., in which event, if the company accepted it and entered upon its execution, it was to have at least 7½ per cent., and the plaintiff was to run his chances as to his half being as great. This provision was in the nature of a check upon plaintiff against taking contracts on which the estimated profits were less than 15 per cent. It would be a strained interpretation to say that upon a contract which both the plaintiff and the defendant estimated there would be 20 per cent. of profit and defendant entered into it upon that basis, upon its transpiring that only 7½ per cent. profit was realized, the defendant should take it all and the plaintiff have nothing. Upon the acceptance of such a contract, where the estimated profits were more than 15 per cent. each party took the hazard of the ultimate net profit, as to which, whatever it might be, there was to be an equal division. It was only in those cases, for trade or other reasons, where the estimated profit was less than 15 per cent., that the defendant was first to take out his 7½ per cent.

For the error, however, which we have discussed, the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.